(81 South. 342)

## WASSMUTH v. STATE. (1 Div. 290).*

(Court of Appeals of Alabama. Feb. 11, 1919. Rehearing Denied March 18, 1919.)

CRIMINAL LAW ☜1215—PUNISHMENT—IMPRISONMENT AND FINE.

Under Acts 1915, p. 2, § 3, providing that any violation of that section should be a misdemeanor punishable by a fine of not less than $50 nor more than $500, to which, in the court's discretion, might be added imprisonment or confinement at hard labor for the county for not over 6 months, the court, in addition to the jury's assessment of a fine and costs, was authorized to impose an additional sentence to hard labor for the county for 90 days.

Appeal from Circuit Court, Mobile County; Norville R. Leigh, Jr., Judge.

Charles Wassmuth was convicted of selling liquor in violation of law, and in addition to the fine and costs assessed by the jury the court sentenced him to hard labor for the county, and he appeals. Affirmed.

John W. McAlpine and Edward J. Grove, both of Mobile, for appellant.

F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BROWN, P. J. The appellant, on a trial before a jury in the circuit court, was convicted of selling prohibited liquors, in violation of section 3 of the act of 1915. Acts 1915, p. 2, § 3. The jury assessed a fine of $50, for which, together with the costs of the prosecution, the appellant confessed judgment with sureties, and the court, as an additional punishment, sentenced the defendant to hard labor for the county for a term of 90 days. The act provides:

"Any violation of this section of this act shall be a misdemeanor punishable by a fine of not less than fifty nor more than five hundred dollars, to which, at the discretion of the court or judge trying the case, may be added imprisonment in the county jail or confinement at hard labor for the county for not more than six months for the first conviction; and on the second and each subsequent conviction of a violation of this section the offense shall, in addition to a fine within the limits above named, be punishable by confinement at hard labor for the county for not less than three nor more than six months, to be imposed by the court or judge trying the case."

Under the provisions of the act quoted, the court was authorized to impose the additional punishment. This is the only matter argued by counsel for appellant, and we find no error in the record.

Affirmed.

*For opinion on petition for writ of certiorari to Court of Appeals, see 202 Ala. 629, 81 South. 571.